IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DMITRIY KHAVKIN,

    Petitioner,

v.                                    Civil Action No. 3:16CV576

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Dmitriy Khavkin, a Virginia prisoner proceeding with counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent has moved to dismiss. Khavkin has responded, and Respondent filed a reply. The Court attempted to review the § 2254 Petition and the Motion to Dismiss. However, as discussed in greater detail below, the manner in which Khavkin pled his claims disregards both the rules governing habeas petitions and the local rules for the Eastern District of Virginia and frustrates the Court's ability to analyze the § 2254 Petition. Accordingly, the Motion to Dismiss will be denied without prejudice. Khavkin will be directed to submit a § 2254 Petition that comports with applicable rules for such actions.

## I. THE § 2254 PETITION

Khavkin, by counsel, Gerald T. Zerkin, filed the instant § 2254 Petition. The § 2254 Petition contains a large section of "FACTUAL ALLEGATIONS" that are not linked in any manner to his four individual claims. (§ 2254 Pet. ¶¶ 7-56.) Khavkin then raises the following claims for relief:[1]

- Claim I: "Petitioner was abandoned by his counsel of choice, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, when Mr. Morrissey ceased communicating with and representing him, substituting Mr. Maloney in his place, without Petitioner's consent." (§ 2254 Pet. 12.)

- Claim II: "Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, because his counsel had a conflict of interest, which neither he nor the prosecutor brought to the Court's attention." (Id. at 14.)

- Claim III: "Petitioner was denied the effective assistance of counsel because his conflicted counsel coerced him into a guilty plea and provided him with erroneous advice as to the consequences of a guilty plea, all in violation of the Sixth and Fourteenth Amendments to the United States Constitution." (Id. at 16.)

- Claim IV: "Because of, individually and collectively, his compromised mental state, the limited time he had to consider the proposed plea agreement and the erroneous advice provided by his counsel, Petitioner's plea was unknowing and involuntary, in violation of the Fifth and Fourteenth Amendments to the United States Constitution." (Id. at 17.)

---

[1] The Court corrects the capitalization and omits the emphasis and underlining in the quotations from Khavkin's submissions.

2

Underneath each claim is short statement of the law and a vague conclusion that Khavkin received ineffective assistance or that his guilty plea was involuntary. The Court served the § 2254 Petition, and Respondent filed a lengthy Motion to Dismiss. In his Brief in Opposition to the Respondent's Motion to Dismiss and Brief in Support ("Brief in Opposition," ECF No. 12), Khavkin first provides a section entitled "Facts Alleged in Petition for Writ of Habeas Corpus" and "Respondent's Statement of Facts" that once again are a narrative tied to no specific claim. Khavkin also provides a significantly expanded legal analysis and different factual allegations with respect to Claims II and III, and for the first time, submits his own affidavit and an affidavit from an examining psychiatrist, providing new factual allegations not originally included in the initial § 2254 Petition. (ECF No. 12-1, at 1-2; ECF No. 12-2.) In addition, Khavkin withdraws Claims I and IV from his § 2254 Petition. (ECF No. 12, at 9.)[2]

---

[2] Even though he significantly expanded and changed his factual allegations, Khavkin failed to sign this Brief in Opposition under penalty of perjury. See Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5) (requiring that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.")
  Moreover, because Khavkin withdrew two claims, a large portion of the factual allegations in his submissions no longer support a claim pending before the Court.

3

## II. KHAVKIN's § 2254 PETITION FAILS TO COMPLY WITH LOCAL RULES AND HABEAS RULES

Rule 2(d) of the Rules Governing Section 2254 Cases provides that an application for relief under § 2254 "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rules Governing Section 2254 Cases, R. 2(d). Moreover, in the United States District Court for the Eastern District of Virginia, all pro se petitions for writs of habeas corpora must be filed on a set of standardized forms. See E.D. Va. Loc. Civ. R. 83.4(A). "Counsel filing a petition for writ of habeas corpus need not use a standardized form, but any petition shall contain essentially the same information as set forth on said form." Id. (emphasis added). A pro se litigant or an attorney proceeding in this district is required to follow the rules of procedure. See Davidson v. Johnson, No. 3:08CV406, 2008 WL 4159737, at *2 (E.D. Va. Sept. 9, 2008).

The standardized form for filing a § 2254 petition, or "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY" ("standardized form"),[3] requires that

---

[3] The standardized form for filing § 2254 petitions in this district can be found on the website for the United States District Court for the Eastern District of Virginia, at http://www.vaed.uscourts.gov/formsandfees/documents/AO241%20for%202254.pdf. This form substantially follows the standardized form set out in the Rules Governing Section 2254 Cases.

4

the petitioner set forth each level of appeal he pursued, and the grounds for appeal raised therein, and any post-conviction petitions he may have filed, the grounds raised therein, and the result of any proceeding. Rules Governing Section 2254 Cases, Appendix of Forms ¶¶ 8-11. The standardized form also requires the inmate to set forth "GROUND ONE" of his petition and then "state the specific facts that support your claim." Id. ¶ 12. The instructions specifically state, to provide "[s]upporting facts (Do not argue or cite law. Just state the specific facts that support your claim)." Id. The inmate must also explain why he did not exhaust his claim in state court. Id. Next, the inmate must identify exactly when and where in state court he raised each individual claim and the result of that filing. Id. An inmate must complete a separate section for each "GROUND" or claim he wishes to raise.

Next, after an inmate sets forth his claims, he must identify whether "all grounds for relief that you have raised in this petition [have] been presented to the highest state court having jurisdiction" and if they have not, the inmate must identify "which grounds have not been so presented and give your reasons(s) for not presenting them." Id. ¶ 13.

Khavkin's § 2254 Petition fails to comply with the directive of the Rules Governing Section 2254 Cases and the local rules that any habeas petition filed by counsel "shall

5

contain essentially the same information as set forth on said form." E.D. Va. Loc. Civ. R. 83.4(A); see Rules Governing Section 2254 Cases, R. 2(d). Khavkin's § 2254 Petition provides a brief procedural history that is devoid of the specific claims that Khavkin raised during his post-conviction proceedings in state court. Khavkin then provides a narrative section entitled "FACTUAL ALLEGATIONS" that is not connected to any of the four claims for relief he later sets forth. In his "CLAIMS" section, Khavkin provides argument and cites law, and provides no "specific facts that support [his] claim[s]," as he must. Rules Governing Section 2254 Cases, Appendix of Forms ¶ 12. Khavkin then fails to identify whether he exhausted each claim or why he failed to exhaust the claim, where he raised the claim, or the result of the filing in state court. Finally, after setting forth each claim, Khavkin once again fails to identify whether he raised these claims before the highest state court having jurisdiction and if not, his reasons for not presenting these claims. Khavkin's § 2254 Petition does not follow a similar format as the standardized form, lacks required information, and quite simply does not "contain essentially the same information as set forth on said form." E.D. Va. Loc. Civ. R. 83.4(A).

"The proper use of the standardized form for filing a § 2254 petition results in administrative convenience and benefit to both the petitioner and the Court." Davidson, 2008

6

WL 4159737, at *2. Further, here, Khavkin apparently expects the Court and the Respondent to sift through his narrative to glean a factual basis for his claims. The Court declines to do so. Accordingly, the Court will direct Khavkin, to submit a § 2254 Petition that complies with Eastern District of Virginia Local Civil Rule 83.4(A) and "contains essentially the same information as set forth" on the standardized form for filing a § 2254 Petition in the Eastern District of Virginia. E.D. Va. Loc. Civ. R. 83.4(A).

Moreover, Khavkin significantly expanded the factual allegations in support of his claims in his Brief in Opposition to the Motion to Dismiss. The Court notes that Khavkin must adequately set forth his grounds for relief and those factual allegations in support of his remaining claims in his § 2254 Petition.

### III. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 7) will be denied without prejudice to renew after Khavkin files a § 2254 petition that complies with Eastern District of Virginia Local Civil Rule 83.4(A) and the Rules Governing Section 2254 Cases. Khavkin will be directed, within thirty (30) days of the date of entry hereof, to submit a § 2254 petition that complies with Eastern District of Virginia Local Civil Rule 83.4(A). Khavkin's

7

petition must also comply with Rule 2(c)(5) and 2(d) of the Rules Governing Section 2254 Cases. Respondent shall have thirty (30) days after Khavkin files his § 2254 petition to file a responsive pleading. Khavkin shall have fourteen (14) days to file any reply.

The Clerk is directed to send copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 26, 2017