

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DMITRIY KHAVKIN,

    Petitioner,

v.                              Civil Action No. 3:16CV576

HAROLD CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Dmitriy Khavkin, a Virginia prisoner proceeding with counsel, brings this AMENDED PETITION FOR WRIT OF HABEAS CORPUS under 28 U.S.C. § 2254 ("Amended § 2254 Petition," ECF No. 23).[1] Respondent has moved to dismiss, and Khavkin has responded. Once again, the Court attempted to review the § 2254 Petition and the RESPONDENT'S MOTION TO DISMISS AND RULE 5 ANSWER ("Motion to Dismiss, ECF No. 24). The thrust of Khavkin's allegations are that trial counsel had a conflict of interest and that conflict caused counsel to coerce Khavkin into pleading guilty. The task of assessing this claim, and the Motion to Dismiss, has been complicated because of the disjointed, incomplete, and often inconsistent manner in which the claims have been presented throughout the state and federal proceedings.

---

[1] The Court notes that Khavkin spells his first name two different ways in his filings. (See ECF No. 23, at 1; ECF No. 28, at 1.) The Court uses the spelling in the Amended Petition for Writ of Habeas Corpus.

As discussed below, the Motion to Dismiss will be denied without prejudice. Khavkin will be directed to submit a Second Amended § 2254 Petition that comports with applicable rules for such actions.

## I. PROCEDURAL HISTORY IN STATE COURT

### A. Initial Criminal Proceedings

A grand jury in the Circuit Court for the County of Brunswick, Virginia ("Circuit Court") charged Khavkin in a five-count Indictment with one count of murder in the first degree in the commission of, or attempt to commit robbery ("first-degree murder"), one count of make/possess unauthorized weapon capable of death/injury, two counts of attempted robbery, and one count of malicious wounding. Indictment at 1-2, Commonwealth v. Khavkin, Nos. CR13-73-00 through 04 (Va. Cir. Ct. filed Mar. 28, 2013). On May 23, 2013, Joseph D. Morrisey informed the Circuit Court that both he and James T. Maloney would be representing Khavkin, and requested that the Court "not[e] both of us as counsel of record for Mr. Khavkin in these matters." Letter at 1, Khavkin, Nos. CR13-73-00 through 04 (Va. Cir. Ct. filed May 23, 2013.) Maloney filed a discovery motion as early as July and appeared in court in August for Khavkin to request a jury and to set the trial date. See Letter at 1, Khavkin, Nos. CR13-73-00 through 04 (Va. Cir. Ct. filed July 15, 2013); Khavkin,

2

Nos. CR13-73-00 through 04 (Va. Cir. Ct. Oct. 7, 2013). On October 21, 2013, the Commonwealth filed a Notice of its intent to introduce evidence of Khavkin's six prior felony convictions at sentencing, including a conviction for robbery, use of a firearm in commission of a felony, and abduction in Stafford County, Virginia in 2009. Notice at 1, Khavkin, Nos. CR13-73-00 through 04 (Va. Cir. Ct. filed Oct. 21, 2013.) On December 2, 2013, Morrissey filed a Motion to Continue the December 10, 2013 trial date. Motion to Continue at 1-2, Khavkin, Nos. CR13-73-00 through 04 (Va. Cir. Ct. filed Dec. 2, 2013.)

On December 5, 2013, Khavkin entered into a Plea Agreement, pursuant to which the Commonwealth agreed to allow Khavkin to plead guilty to the lesser offense of second-degree murder, instead of first-degree murder, and to allow Khavkin to plead guilty to the lesser offense of assault and battery, a misdemeanor, instead of malicious wounding which is a felony. (ECF No. 26-3, at 23.) Khavkin also pled guilty to one count of attempted robbery. (Id.) The Commonwealth also agreed to nolle prosequi the charge of make/possess unauthorized weapon capable of death/injury and one count of attempted robbery. (Id.) In the Plea Agreement, the Commonwealth and Khavkin agreed that, in exchange for his guilty pleas, an active sentence of twenty-four years and two months for second-degree murder was appropriate,

with no active time for the attempted robbery or assault and battery convictions. (Id. at 23-24.)

On December 6, 2013, the Circuit Court sentenced Khavkin to a total of twenty-four years and two months of incarceration based upon the terms of the Plea Agreement. (ECF No. 26-1, at 1-2.) Khavkin filed no appeal.

B. **State Habeas Proceedings**

Khavkin, by counsel James S. Ellenson, filed a petition for a writ of habeas corpus in the Circuit Court. (ECF No. 26-2, at 1, 13.) It is difficult to ascertain the claims that Khavkin raised in the Circuit Court because the habeas petition does not substantially follow the required standardized form for filing habeas petitions in Virginia and fails to set forth numbered claims for relief. However, the Motion to Dismiss the state habeas petition identified the claims as follows:

> a. the trial court was without jurisdiction to accept the petitioner's plea;
>
> b. Petitioner was incapable of entering a voluntary plea due to his incarceration for almost a year in solitary confinement prior to the entry of his plea;
>
> c. Petitioner was abandoned by trial counsel Joe Morrissey, and that co-counsel, James Maloney, was associated without the petitioner's knowledge or consent;
>
> d. trial counsel Maloney coerced petitioner into pleading guilty by telling the petitioner he had no chance to win his case;

4

>            e. trial counsel Maloney had a conflict of
> interest that he never told the petitioner about.

(ECF No. 26-3, 3-4.) Khavkin's Reply in the state habeas case did not contest that the Respondent had correctly summarized the claims that had been raised in the state habeas petition. Instead, Khavkin attempted to add new factual allegations. Reply at 1-3, <u>Khavkin v. Clarke</u>, No. CL14-104 (Va. Cir. Ct. filed Feb. 2, 2015). The Circuit Court granted the Commonwealth's Motion to Strike the Reply because Khavkin "[did] not have a statutory right to file a reply" and because his "insertion of additional factual matters is inappropriate at this stage in the proceedings." <u>Khavkin</u>, No. CL14-104, at 1 (Va. Cir. Ct. Apr. 21, 2015). The same day, the Circuit Court denied Khavkin's habeas petition. (ECF No. 26-4, at 1-21.)

Khavkin appealed and raised the following assignments of error in his petition to the Supreme Court of Virginia:

> 1. The circuit court erred in denying Khavkin's request for a plenary or evidentiary hearing . . . where the allegations of the illegality of the petitioner's detention could not be fully determined on the basis of recorded matters because factual disputes remained that could not be resolved by merely reading conflicting affidavits. . . .
>
> 2. The circuit court erred in denying Khavkin's petition for a writ of habeas corpus, where Khavkin's trial counsel, Joseph D. Morrissey and James T. Maloney, failed to disclose to Khavkin that Maloney had previously represented the alleged victim in Khavkin's trial, William C. Myers, who was the Commonwealth's primary witness against Khavkin, even as Maloney was pressuring Khavkin to plead guilty and asserting he "would guarantee that Khavkin would get

5

life," thus rendering ineffective assistance of
counsel under the Sixth Amendment . . . .

(ECF No. 26-5, at 19.) The Supreme Court of Virginia refused the petition for appeal. (Id. at 1.)

## II. SUBMISSIONS IN THIS COURT

### A. The Initial § 2254 Petition

Khavkin, by counsel, filed a § 2254 petition with this Court. The Respondent moved for dismissal. The Court attempted to review the § 2254 Petition and Motion to Dismiss, however, the Court discerned that the manner in which Khavkin had presented his claims was in disregard of the applicable federal and local rules. That, in turn, frustrated the Court's ability to analyze the § 2254 Petition. Therefore, by Memorandum Opinion and Order entered on July 26, 2017, the Court explained:

> In his Brief in Opposition to the Respondent's Motion
> to Dismiss and Brief in Support ("Brief in
> Opposition," ECF No. 12), Khavkin first provides a
> section entitled "Facts Alleged in Petition for Writ
> of Habeas Corpus" and "Respondent's Statement of
> Facts" that once again are a narrative tied to no
> specific claim. Khavkin also provides a significantly
> expanded legal analysis and different factual
> allegations with respect to Claims II and III, and for
> the first time, submits his own
> affidavit . . . providing new factual allegations not
> originally included in the initial § 2254 Petition.
> (ECF No. 12-1, at 1-2; ECF No. 12-2.)

(ECF No. 21, at 3.) The Court also noted that, "[e]ven though he significantly expanded and changed his factual allegations, Khavkin failed to sign this Brief in Opposition under penalty of perjury." (Id. n.3.) The Court explained the following:

6

Rule 2(d) of the Rules Governing Section 2254 Cases provides that an application for relief under § 2254 "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rules Governing Section 2254 Cases, R. 2(d). Moreover, in the United States District Court for the Eastern District of Virginia, all pro se petitions for writs of habeas corpora must be filed on a set of standardized forms. See E.D. Va. Loc. Civ. R. 83.4(A). "Counsel filing a petition for writ of habeas corpus need not use a standardized form, but any petition shall contain essentially the same information as set forth on said form." Id. (emphasis added). A pro se litigant or an attorney proceeding in this district is required to follow the rules of procedure. See Davidson v. Johnson, No. 3:08CV406, 2008 WL 4159737, at *2 (E.D. Va. Sept. 9, 2008).

The standardized form for filing a § 2254 petition, or "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY" ("standardized form"),[2] requires that the petitioner set forth each level of appeal he pursued, and the grounds for appeal raised therein, and any post-conviction petitions he may have filed, the grounds raised therein, and the result of any proceeding. Rules Governing Section 2254 Cases, Appendix of Forms ¶¶ 8-11. The standardized form also requires the inmate to set forth "GROUND ONE" of his petition and then "state the specific facts that support your claim." Id. ¶ 12. The instructions specifically state, to provide "[s]upporting facts (Do not argue or cite law. Just state the specific facts that support your claim)." Id. The inmate must also explain why he did not exhaust his claim in state court. Id. Next, the inmate must identify exactly when and where in state court he raised each individual claim and the result of that filing. Id. An inmate must complete a separate section for each "GROUND" or claim he wishes to raise.

---

[2] The standardized form for filing § 2254 petitions in this district can be found on the website for the United States District Court for the Eastern District of Virginia, at http://www.vaed.uscourts.gov/formsandfees/documents/AO241%20for%202254.pdf. This form substantially follows the standardized form set out in the Rules Governing Section 2254 Cases.

7

Next, after an inmate sets forth his claims, he must identify whether "all grounds for relief that you have raised in this petition [have] been presented to the highest state court having jurisdiction" and if they have not, the inmate must identify "which grounds have not been so presented and give your reasons(s) for not presenting them." Id. ¶ 13.

Khavkin's § 2254 Petition fails to comply with the directive of the Rules Governing Section 2254 Cases and the local rules that any habeas petition filed by counsel "shall contain essentially the same information as set forth on said form." E.D. Va. Loc. Civ. R. 83.4(A); see Rules Governing Section 2254 Cases, R. 2(d). Khavkin's § 2254 Petition provides a brief procedural history that is devoid of the specific claims that Khavkin raised during his post-conviction proceedings in state court. Khavkin then provides a narrative section entitled "FACTUAL ALLEGATIONS" that is not connected to any of the four claims for relief he later sets forth. In his "CLAIMS" section, Khavkin provides argument and cites law, and provides no "specific facts that support [his] claim[s]," as he must. Rules Governing Section 2254 Cases, Appendix of Forms ¶ 12. Khavkin then fails to identify whether he exhausted each claim or why he failed to exhaust the claim, where he raised the claim, or the result of the filing in state court. Finally, after setting forth each claim, Khavkin once again fails to identify whether he raised these claims before the highest state court having jurisdiction and if not, his reasons for not presenting these claims. Khavkin's § 2254 Petition does not follow a similar format as the standardized form, lacks required information, and quite simply does not "contain essentially the same information as set forth on said form." E.D. Va. Loc. Civ. R. 83.4(A).

"The proper use of the standardized form for filing a § 2254 petition results in administrative convenience and benefit to both the petitioner and the Court." Davidson, 2008 WL 4159737, at *2. Further, here, Khavkin apparently expects the Court and the Respondent to sift through his narrative to glean a factual basis for his claims. The Court declines to do so. Accordingly, the Court will direct Khavkin, to submit a § 2254 Petition that complies with Eastern District of Virginia Local Civil Rule 83.4(A) and "contains essentially the same information as set forth" on the standardized form for filing a § 2254

> Petition in the Eastern District of Virginia. E.D.
> Va. Loc. Civ. R. 83.4(A).
> Moreover, Khavkin significantly expanded the factual allegations in support of his claims in his Brief in Opposition to the Motion to Dismiss. The Court notes that Khavkin must adequately set forth his grounds for relief and those factual allegations in support of his remaining claims in his § 2254 Petition.

(ECF NO. 21, at 4-7.) Accordingly, the Court denied the Motion to Dismiss and directed Khavkin to submit an amended § 2254 petition that comported with applicable rules for § 2254 actions. (ECF Nos. 21, 22.)

### B. The Amended § 2254 Petition

Khavkin filed the Amended § 2254 Petition that is now before the Court. (ECF No. 23.) In the petition, Khavkin raises the following claims for relief:[3]

> Claim I: "Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, because his counsel had a conflict of interest, which neither he nor the prosecutor brought to the Court's attention." (Id. at 3.)
>
> Claim II: "Petitioner was denied the effective assistance of counsel because his conflicted counsel coerced him into a guilty plea and provided him with erroneous advice as to the consequences of a guilty plea, all in violation of the Sixth and Fourteenth Amendments to the United States Constitution." (Id. at 8.)
>
> Claim III: "Petitioner was denied the effective assistance of counsel because his counsel provided erroneous advice as to the consequences of a guilty plea, in violation of the Sixth and

---

[3] The Court corrects the capitalization and omits the emphasis in the quotations from Khavkin's submissions.

>   Fourteenth Amendments to the United States
>   Constitution." (Id. at 11.)

Khavkin, proceeding by counsel, has engaged in purposeful obstruction in the manner in which he has litigated this action. Notably, Khavkin again failed to follow the directives of the Court in its July 26, 2017 Memorandum Order in several important regards. Khavkin's Amended § 2254 Petition is comprised of terse factual support for his claims with no legal analysis. However, much like in his prior Brief in Opposition, in the Brief in Opposition to Respondent's Motion to Dismiss, Khavkin significantly expands his claims with new factual allegations not included in his Amended § 2254 Petition and for the first time provides legal analysis. Significantly, even though he expands and changes his factual allegations, Khavkin did not sign his Brief in Opposition under penalty of perjury.[4] In addition, accompanying the Brief in Opposition, Khavkin submitted his own affidavit, apparently drafted and signed back in January of 2015, well before this action was initiated in July 2016. This affidavit also provides new factual allegations not originally included in the Amended § 2254 Petition. (ECF

---

[4] See Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5) (requiring that petitions brought pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.").

No. 27-1, at 1-2.)⁵ The Court fails to discern why Khavkin did not submit the affidavit with or make these arguments in his Amended § 2254 Petition especially in light of the Court's prior admonitions and the fact that the habeas rules require that the facts supporting each ground to be stated in the habeas petition under penalty of perjury. See Rules Governing § 2254 Cases in the U.S. District Courts 2(c); Mayle v. Felix, 545 U.S. 644, 655 (2005) (citation omitted) (explaining that unlike regular civil cases, notice pleading is not sufficient in either state or federal habeas proceedings and the petition must state facts that point to a "real possibility of constitutional error"); Blackledge v. Allison, 431 U.S. 63, 76 n.7 (1977) (same).

Moreover, in the prior Memorandum Opinion, the Court explained that the initial § 2254 Petition and Brief in Opposition filed in this Court had a large section of facts that was not linked to any claim. (ECF No. 21, at 6.) Although Khavkin has now inserted claim numbers into the narrative section of factual allegations, these seem arbitrary. Khavkin's factual allegations are rambling, repetitive, and many of the allegations do not have any bearing on the claim they are said to support or any other claim contained therein. Moreover, facts supporting each claim are scattered throughout the Amended

---

⁵ The Court notes that the Amended § 2254 Petition also does not attach as an exhibit the affidavit from the examining psychiatrist that Khavkin submitted with the first § 2254 Petition.

11

§ 2254 Petition. The Court already warned Khavkin that it would not "sift through his narrative to glean a factual basis for his claims" (ECF No. 21, at 7), and that applies with equal force to the operative Amended § 2254 Petition and the Brief in Opposition. As alleged, it is difficult to discern where one claim ends and another begins, complicating the Court's assessment of the application of procedural bars for three distinct claims.[6]

### III. CONCLUSION

In sum, Khavkin has disobeyed the Court's instructions and has disregarded the applicable rules. By neglect, that is warrant to dismiss the petition. However, the Court is concerned about the substantive conflict of counsel issue. Accordingly, the Respondent's Motion to Dismiss (ECF No. 24) will denied without prejudice to renew after Khavkin files a Second Amended § 2254 Petition that complies with Eastern District of Virginia Local Civil Rule 83.4(A) and the Rules Governing Section 2254 Cases. The Second Amended § 2254 Petition will supplant all prior petitions. Khavkin will be directed, within thirty (30) days of the date of entry hereof, to submit a Second Amended § 2254 petition that complies with Eastern District of Virginia Local Civil Rule 83.4(A).

---

[6] Claim II includes the second part of Claim I, and Claim III includes the second part of Claim II. This repetition makes it difficult for the Court to discern the parameters of each claim and isolate the facts in support.

Khavkin's petition must also comply with Rule 2(c)(5) and 2(d) of the Rules Governing Section 2254 Cases. Respondent shall have thirty (30) days after Khavkin files his § 2254 petition to file a responsive pleading. Khavkin shall have fourteen (14) days to file any reply.

The Clerk is directed to send copy of the Memorandum Order to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 23, 2018

13